Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5ᵗʰ Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CARLO MANCHAME LAGOS,

CASE NO.

Plaintiff,            **COMPLAINT**

-against-

ANM MANAGEMENT, LLC

ECF Case,

Defendant(s).

---

Plaintiff, JUAN CARLO MANCHAME LAGOS, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against Defendant(s), ANM MANAGEMENT, LLC and states as follows:

### INTRODUCTION

1.      Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff, JUAN CARLO MANCHAME LAGOS, is an adult resident of Bronx County, New York.

6.      Upon information and belief, Defendant, ANM MANAGEMENT, LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 3811 13th Avenue, New York, New York 11218.

7.      At all relevant times, Defendant, ANM MANAGEMENT, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8.      At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

9.      At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

10.     At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11.     The minimum wage rate in the City of New York for the year 2014 was $8.00.

12.     The minimum wage rate in the City of New York for the year 2015 was $8.75.

13.     The minimum wage rate in the City of New York for the year 2016 was $9.00.

14.     The minimum wage rate in the City of New York for the year 2017 was $11.00.

15.     The minimum wage rate in the City of New York for the year 2018 was $13.00.

16.     The minimum wage rate in the City of New York for the year 2019 was $15.00.

17.     The minimum wage rate in the City of New York for the year 2020 is $15.00.

18.     In June 2013, LAGOS began his employment at ANM MANAGEMENT, LLC, as a laborer.

19.     Upon his recall and recollection, LAGOS' regular schedule was seven (7) days a week, 8:30 p.m. to 10:00 p.m., for a total workweek of eighty and one-half (80.5) hours.

20.     By way of example, on the week of June 19th, 2020, LAGOS worked Sunday-Saturday from 8:30am to 10:00 p.m., totaling eighty and one-half (80.5) hours worked.

21.     Defendant only compensated LAGOS $900.00 in weekly wages equating to an hourly rate of $11.18.

22.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

23.     Plaintiff was not properly compensated wages at the minimum wage rate for all hours worked over forty (40) in a workweek.

24.    Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

25.    Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

26.    Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

27.    At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

28.    Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the weekly rate of pay and overtime wages.

29.    Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the minimum wage rate for all hours worked and overtime wage for all hours worked over forty (40) hours in a workweek.

30.    Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

31.    Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

32.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "31" of this Complaint as if fully set forth herein.

33.     At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.     At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

35.     Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

36.     Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

37.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

38.     At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

39.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendant(s) knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

40.     Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

41.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

42.     At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

43.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

44.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

45.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.     Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

47.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

48.     Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

49.     Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT 2**
**[Violation of the New York Labor Laws]**

50.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "49" of this Complaint as if fully set forth herein.

51.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

52.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiff for all hours worked.

53.     By failing to compensate Plaintiff a wage at the minimum wage rate for all hours worked, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

54.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

55.     By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

56.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

57.     Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the minimum wage rate for all hours worked and payment for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

58.     Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

59.     Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

### COUNT 3
### [Failure to provide a Wage Notice]

60.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

62.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

63.     Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

64.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

65.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66.    Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

67.    Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

68.    Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)    An award of unpaid wages at the minimum wage rate due under the FLSA;

(b)    An award of unpaid wages at the overtime wage rate due under the FLSA;

(c)    An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d)    An award of unpaid wages at the minimum wage rate under the NYLL;

(e)    An award of unpaid wages at the overtime wage rate under the NYLL;

(f)     An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the minimum wage rate, failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
     July 20, 2020

Respectfully submitted

By:_____
     Lawrence Spasojevich (LS 1029)

By:_____
     Imran Ansari (IA 1978)